UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANELU TAVALE,<br><br>Defendant. | Case No. 18-cr-00506-BLF<br><br>**ORDER DENYING APPEAL OF THE MAGISTRATE JUDGE'S DETENTION ORDER** |

Presently before the court is Defendant Anelu Tavale's appeal to the district court of the magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b). ECF 175. The Court has reviewed papers filed pursuant to this motion, as well as the papers related to Judge Ryu's order. *See* ECF 153 (government memorandum in support of detainment), 158 (order of detention), 166 (hearing transcript), 175 (motion), 181 (opposition to motion), 190 (pretrial addendum report). Based on the reasons explained below and stated on the record at the January 7, 2021 hearing, the Court DENIES the motion.

**I.    BACKGROUND**

On October 15, 2020, a federal grand jury indicted Tavale for racketeering conspiracy, 18 U.S.C. § 1962(d), conspiracy to murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), and possession/use of a firearm in furtherance of and during and in relation to a crime of violence, 18 U.S.C. §§ 924(c)(1)(A) and 2. ECF 126. He is charged in the second superseding indictment in Counts 1, 2, and 8 along with five co-defendants. *Id*. On October 22, 2020, Tavale made an initial appearance in front of Magistrate Judge Nathanael Cousins. ECF 138. On November 6, 2020,

Magistrate Judge Donna Ryu ordered Tavale detained pending trial. Judge Ryu found that Tavale failed to rebut the presumption of detention required by 18 U.S.C. § 3142(e)(3)(B). *See* ECF 158, 166 at 30:24-31:24. Tavale appealed. ECF 175.

## II.     LEGAL STANDARD

18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate ... the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The standard of review is de novo. *See, e.g., United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990); *United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985) ("In our view a district court should fully consider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion .").

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq.*, persons facing trial are to be released under the least restrictive condition or combination of conditions that will "reasonably assure" the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(c)(2); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "Only in rare circumstances should release pending trial be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Gebro*, 948 F.2d at 1121 (citing *Motamedi*, 767 F.2d at 1405).

On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Gebro*, 948 F.2d at 1121; *Motamedi*, 767 F.2d at 1406–07. However, for some criminal defendants a presumption in favor of detention attaches due to the crimes for which the defendant was charged. Section 3142(e)(3) provides in relevant part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
>
> (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.

A grand jury indictment is sufficient to establish probable cause for these purposes. *See, e.g., United States v. Ward*, 63 F. Supp. 2d 1203, 1209 (C.D. Cal. 1999). The presumption in favor of detention applies here, where the charges against Tavale include a violation of 18 U.S.C. § 924(c). *See* ECF 126. This statutory presumption does not disappear when a defendant meets his or her burden of producing rebuttal evidence. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). Rather, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in [18 U.S.C.] § 3142(g)." *Id*.

Section 3142(g) of the Bail Reform Act contains the following factors to evaluate whether there are any conditions of release that will "reasonably assure" a defendant's future appearances and the safety of the community. 18 U.S.C. § 3142(g). These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person including: (A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1407. "Of these factors, the weight of the evidence is the least important,

3

and the statute neither requires nor permits a pretrial determination of guilt." *Gebro*, 948 F.2d at 1121 (citing *Winsor*, 785 F.2d at 757); *see also Motamedi*, 767 F.2d at 1408. Evidence of guilt is relevant only in terms of the likelihood that the defendant will fail to appear or will pose a danger to the community. *Winsor*, 785 F.2d at 757.

After a court determines whether a defendant should be detained or released pretrial, the Bail Reform Act provides that the decision may be reopened at any time before trial:

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

### III. DISCUSSION

The Court heard extensive argument from counsel for each party. Neither party requested and evidentiary hearing. After conducting a de novo review and considering the factors laid out in 18 U.S.C. § 3142(g), the Court finds Tavale should be detained prior to trial because he has not rebutted the presumption that "no condition or combination of conditions will reasonably assure . . . the safety of the community." 18 U.S.C. 3142(e)(3).

**A. Danger to the Community**

The government has met its burden of showing by clear and convincing evidence that Tavale poses a danger to the community, and that no conditions or combinations of conditions will reasonably assure otherwise. *See Gebro*, 948 F.2d at 1121.

First, Tavale had been charged with Racketeering Conspiracy, Conspiracy to Murder in Aid of Racketeering, and Possession/Use of a Firearm in Furtherance of and During and in Relation to a Crime of Violence, *see* 18 U.S.C. §§ 1962(d), 1959(a)(5), 924(c)(1)(A). ECF 126 at 42. These counts carry a maximum sentence ranging from 10 years to life imprisonment and Tavale faces a guideline sentence of life imprisonment. *Id*. The nature and circumstances of the

4

allegations in the second superseding indictment against Tavale are serious and indicative of extreme danger. The government charges Tavale with being part of a "hit crew" that committed eight murders in and around Salinas, California. *See generally* ECF 126. As part of this crew, Tavale "went hunting for rival Sureno gang members to kill." *Id*. at 9. Tavale participated in three shootings and acted as a shooter on two of those occasions. *Id*. at 9-10; *see also* ECF 153 at 4-6. During these incidents, the hit crew killed two victims and injured two others. ECF 126 at 9-10.

Second, the government proffers additional evidence about the nature and circumstances of the charged offense beyond the allegations in the indictment. *See* ECF 153 at 3-6. The Court notes that this is the least important factor. *See, e.g., United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990) ("The weight of the evidence against the defendant is a factor to be considered but it is 'the least important' of the various factors.").

Third, Tavale has strong family ties to this district. His immediate family and long-term partner reside in Salinas, California, and Tavale has resided in the Bay Area for almost his entire life. ECF 175 at 3-4. Multiple individuals in Tavale's life have offered to support him by acting as sureties on his behalf. *Id*. at 4; *see also* ECF 190. However, some of his family members have gang ties and his cousin is a co-defendant. His long-term partner Victoria Fausto, who is 25 years old, has also offered to act as a third-party custodian. *Id*. at 7. It is clear Tavale is anchored to his community. Nonetheless, the Court finds that Tavale's proposed custodian is very young and has no confidence that she will be able to enforce conditions to detention. Adding to this concern is the fact that Tavale lived with Fausto when the charged conduct allegedly occurred.

Finally, Tavale poses a serious danger to the community. Although the Court finds it significant that Tavale has no prior criminal record, the conduct with which Tavale is charged in the indictment amounts to unprovoked attempted murder. According to the indictment, Tavale, along with his co-defendants, drove around looking for rival gang members to kill. ECF 126. This led to incidents such as the one on February 12, 2017, when the crew spotted two men who they

5

"perceived to be rival Sureno gang members." *Id*. at 9. Tavale and three other shooters, the indictment alleges, exited the car and fired "at least 20 shots at the victims." *Id*. Compounding this concern is the fact Tavale was arrested with a loaded semiautomatic firearm with him in his vehicle, along with a second fully loaded magazine. ECF 153 at 7. In light of the gratuitous and extreme nature of the violence underpinning the charges against Tavale, the Court finds the government's argument that Tavale poses a danger to potential witnesses in and other members of the community compelling. *See* ECF 153 at 8.

### B. Flight Risk

The government has failed to bear its burden of showing by a preponderance of the evidence that Tavale poses a flight risk. *Gebro*, 948 F.2d at 1121. The government makes only a conclusory argument that "given the significant amount of custodial time that [Tavale] is facing, he has a considerable incentive to flee." ECF 153 at 3. It offers no history of flight or particularized risk of flight in Tavale's record. As discussed above, Tavale has long-standing ties to the community, including his family and his long-term relationship. ECF 175 at 4. Moreover, Tavale has never failed to appear before the Court, and pretrial service officers believe that they could impose conditions sufficient to ensure his appearance.

## IV. ORDER

For the foregoing reasons and as discussed on the record at the hearing, the Court DENIES the appeal to the district court of the magistrate judge's detention order.

**IT IS SO ORDERED.**

Dated: January 11, 2021

_____
BETH LABSON FREEMAN
United States District Judge